Case No. 3:24mj63

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Thomas W. Byrd, being first duly sworn, hereby depose and state as follows:

1. I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July 2015, and am currently assigned to the Richmond I field office. As a SA with ATF, I am primarily responsible for conducting criminal investigations that concern the enforcement of our nation's federal firearm, drug trafficking and violent crime laws. Accordingly, I have investigated individuals for the illegal possession/use of firearms, illegal possession/distribution of controlled substances, illegal possession of National Firearm Act (NFA) firearms, and for the commission of violent crimes.

2. The information in this affidavit is the result of a joint investigation involving the ATF and the Colonial Heights Police Department (CHPD). All information contained in this affidavit is either based upon this affiant's personal knowledge, and/or the investigation and observations of other officers/agents involved in this investigation. I present this information in support of a criminal complaint charging Joshua J. Jernigan (Jernigan) with possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and possession of unregistered National Firearm Act firearms/devices, in violation of Title 26 U.S.C. 5861(d).

3. Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant for Jernigan, it is not intended to include each and every fact and matter observed or known to the United States. I have set forth only those facts necessary to support probable cause for this application.

## PROBABLE CAUSE

4. On December 26, 2023, the CHPD responded to a 911 call from a male individual who reported a domestic incident at 310 Nottingham Drive, Colonial Heights, Virginia, 23834, the home of Jernigan.

5. CHPD responded to the residence at approximately 10:45 p.m. and spoke to Jernigan. During the conversation, Jernigan admitted that he was a convicted felon, but stated that his rights to possess firearms had been restored. He then gave CHPD consent to search the home.

6. In the garage area, CHPD officers located a firearm magazine loaded with ammunition. At that point, Jernigan revoked his consent for the search. Accordingly, CHPD stopped searching the house and obtained a state search warrant for the residence. CHPD obtained a second search warrant for the residence, which included authority to search additional areas of the home, trash receptacles, outbuildings, and vehicles on the property.

7. During the search of the residence, officers seized and removed from a firearm safe in the garage:

    a. <u>ATF Evidence Item 1</u>: a Kimber model Custom LW .45 caliber semi-automatic pistol serial number K676293 seized with 8 rounds in a magazine;

    b. <u>ATF Evidence Item 22</u>: a Bear Creek Arsenal model BCA15 multi caliber rifle, serial number B08582;

    c. <u>ATF Evidence Item 38</u>: a suspected silencer;

    d. <u>ATF Evidence Item 39</u>: a suspected silencer;

    e. <u>ATF Evidence Item 40</u>: a suspected silencer;

    f. <u>ATF Evidence Item 41</u>: a suspected silencer; and

      g.    <u>ATF Evidence Item 43:</u> a suspected silencer.

8. Your affiant has seen multiple photos of Jernigan with a suspected firearm with an unusual style, markings and color that is consistent with the Kimber .45 caliber pistol, though the photograph does not reveal the manufacturer, model or serial number of the suspected firearm in the photos.

9. During the search of the garage at the 310 Nottingham Drive residence, officers seized multiple ledgers and journals. One of the journals contained handwriting that stated, "The trials and tribulation Memoirs of Joshua Jay Jernigan." Another page contained a detailed handwritten list of firearms, including the make, model and caliber of several guns. One of the entries was for the Kimber listed above.

10. Prior to December 26, 2023, Jernigan was convicted in the Circuit Court for the County of Chesterfield of a crime punishable by imprisonment for a term exceeding one year. In 2017, Jernigan signed probation documents that explained that he knew he was prohibited from possessing firearms and/or ammunition.

11. On March 24, 2021, the Governor of the Commonwealth of Virginia restored Jernigan's rights to vote, serve on a jury, be a notary public and hold public office; however, his right to ship/transport/possess or receive firearms were not restored. To receive restoration of his right to possess firearms, Jernigan would have to petition the Circuit Court in the city or county where he resides. A check has determined that Jernigan has not filed a petition in either Chesterfield County or the City of Colonial Heights to have his right to possess firearms restored.

12. Your affiant has determined that the Kimber .45 caliber pistol mentioned above is a "firearm" as defined by Title 18, U.S.C., Section 921(a)(3) in that it is capable

of expelling a projectile through the use of an explosive. According to ATF Firearms Interstate Nexus Expert Special Agent Rod Herndon, the Kimber was manufactured outside of the Commonwealth of Virginia. Therefore, it traveled in and affected interstate commerce prior to December 26, 2023.

13. An ATF Firearm Technology Criminal Branch Firearms Enforcement Officer (FEO) conducted an analysis of several items seized from Jernigan's safe on December 26, 2023, including ATF Evidence Item numbers 22 and 38-41 and 43, to determine if they are National Firearms Act weapons, that must be registered in the National Firearm Registration and Transfer Record (NFRTR). The FEO determined that ATF Items 38, 39, 40, 41 and 43 are all NFA devices as they silence, muffle and diminish the report of a portable firearm.

14. The FEO also determined that ATF Item 22, the Bear Creek Arsenal rifle, is an NFA firearm as it has a barrel measurement of approximately 10 5/8 inches.

15. A query of the NFRTR determined that Jernigan does not have any devices registered in the Record and that none of the items listed above is registered in the NFRTR. In fact, the NFA silencers, ATF Items 38, 39, 40, 41, 43, do not contain any serialization as required by NFA law, so that they cannot be registered in the NFRTR.

## CONCLUSION

16. Based on the above information, your affiant believes that probable cause exists to arrest Jernigan for the following offenses: 18 U.S.C. § 922(g)(1), possession of a

firearm by a convicted felon; and 26 U.S.C.5861(d), possession of unregistered National Firearm Act firearms/device.

Respectfully submitted this ___2___ day of July, 2024.

Thomas W. Byrd
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before me
Date: July 2, 2024
Richmond, Virginia

/s/
Summer L. Speight
United States Magistrate Judge